## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| **DILLARD ROSS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **vs.** | ) |
| | ) Civil Action No: 4:21-cv-00074-RSB-CLR |
| **SYNERGY MARINE PTE LTD,** | ) |
| **ARGOSY PTE LTD, and SYNERGY** | ) |
| **MARITIME PVT LTD,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT

NOW COME Defendants SYNERGY MARINE PTE LTD ("Synergy Marine"),

ARGOSY PTE LTD ("Argosy"), and SYNERGY MARITIME PVT LTD ("Synergy Maritime")

(sometimes collectively referred to as "Defendants"), Defendants in the above-styled action, and

without waiving their defense of lack of personal jurisdiction, file this their Answer to the

Complaint filed by Plaintiff Dillard Ross (hereinafter "Plaintiff") and show this Court the

following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be

granted and therefore should be dismissed.

### SECOND DEFENSE

This Court lacks personal jurisdiction over Defendants and thus jurisdiction and venue

are improper.

4846-8503-1648 v1

## THIRD DEFENSE

Plaintiff's damages, if any, were caused solely by Plaintiff's negligence, inattention to his surroundings, and/or the failure to exercise ordinary care for his own safety and were not caused or contributed to by any negligence or breach of duty of Defendants or by the negligence or breach of duty of any other party or entity for which Defendants are responsible, and thus all responsibility for the subject incident should lie with Plaintiff under the proportional fault and comparative negligence allocations.

## FOURTH DEFENSE

If Plaintiff's damages, if any, were not caused solely by Plaintiff's negligence, inattention to his surroundings, and/or failure to exercise ordinary care for his own safety, said damages, if any, were caused, in whole or in part, by the negligence, breach of duty, or breach of warranty of third parties or entities for whose negligence, breach of duty, or breach of warranty Defendants are not responsible.

## FIFTH DEFENSE

By exercising ordinary care, Plaintiff could have avoided the consequences to himself and the damages complained of by Plaintiff in this action caused by the negligence, breach of duty, or breach of warranty of other parties or entities for whose negligence, breach of duty, or breach of warranty Defendants are not responsible.

## SIXTH DEFENSE

Defendants answer the enumerated paragraphs of the Complaint as follows:

1.      Defendants admit the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2.      Defendants admit the allegations contained in the first sentence of Plaintiff's Complaint but deny the remaining allegations of Paragraph 2 of Plaintiff's Complaint on the basis that Defendant Synergy Marine has acknowledged service of the Complaint in this action.

3.      Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants admit that Argosy is a foreign maritime entity with its principal office and place of business located at 35-01, OUE Downtown, **6** Shenton Way, Republic of Singapore 068809.  Defendants deny the remainder of the allegations contained in Paragraph 4 on the basis that Defendant Argosy has acknowledged service of the Complaint in this action.

5.      Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Defendants admit the allegations contained in the first sentence of Paragraph 6 of Plaintiff's Complaint but deny the remaining allegations of Paragraph 6 of Plaintiff's Complaint on the basis that Defendant Synergy Maritime has acknowledged service of Plaintiff's Complaint in this action.

7.      Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants admit the Plaintiff alleges to have sustained injuries on the navigable waters of the United States, in Chatham County, Georgia, but deny Plaintiff is entitled to relief for those injuries from any of these Defendants.

10.     Defendants admit that Plaintiff seeks to invoke the legal authorities cited in Paragraph 10 of Plaintiff's Complaint, as the basis for bringing his lawsuit, but deny he is entitled to relief thereunder against any of these defendants.

11.     Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and as such must deny same.

13.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and as such must deny same.

14.     Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and as such must deny same.

17.     Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, including all subparts.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants admit Plaintiff has brought an action against these Defendants seeking to recover the categories of damages set forth in Paragraph 22 of Plaintiff's Complaint, but they deny he is entitled to relief for any such damages against these Defendants.

23.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     To the extent Plaintiff's Complaint contains any allegations not responded to or addressed herein, those allegations are hereby denied, including the entirety of the Plaintiff's prayer for relief.

WHEREFORE, having fully responded to the Plaintiff's Complaint, Defendants pray that they be dismissed with prejudice, and that Defendants be awarded reasonable costs, expenses and attorney's fees together with other relief this Honorable Court may deem just and proper.

This 17th day of March, 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/ Colin A. McRae
Colin A. McRae
Georgia Bar No. 499045
*Attorneys for Defendants Synergy Marine PTE Ltd,*
*Argosy PTE Ltd, and Synergy Maritime PVT Ltd*

Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261
cmcrae@huntermaclean.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| **DILLARD ROSS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **SYNERGY MARINE PTE LTD,** | ) Civil Action No: 4:21-cv-00074-RSB-CLR |
| **ARGOSY PTE LTD, and SYNERGY** | ) |
| **MARITIME PVT LTD,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed and by using the CM/ECF system which will send a notice of electronic filing to the following:

Brent J. Savage, Esq.
Zachary R. Sprouse, Esq.
Savage Turner Durham Pinckney & Savage
Post Office Box 10600
Savannah, Georgia 31412

This 17th day of March, 2021.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

/s/ Colin A. McRae
Colin A. McRae
Georgia Bar No. 499045
*Attorneys for Defendants Synergy Marine PTE Ltd,*
*Argosy PTE Ltd, and Synergy Maritime PVT Ltd*

Post Office Box 9848
Savannah, GA 31412-0048
(912) 236-0261
cmcrae@huntermaclean.com

4846-8503-1648 v1